UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
Case No.: _____

MICHELLE C. MELETICHE,

        Plaintiff,

v.

AEROTEK, INC., a Maryland Corporation, and CARDINAL HEALTH, an Ohio Corporation,

        Defendants.

## COMPLAINT

The Plaintiff MICHELLE C. MELETICHE (the "Plaintiff") sues the Defendants AEROTEK, INC., a Maryland Corporation and CARDINAL HEALTH, an Ohio Corporation (collectively the "Defendants"), and alleges:

## JURIDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). This dispute involves a controversy between citizens of different states and the amount of controversy exceeds $75,000.00.

2. Plaintiff is a resident of Florida. Defendant AEROTEK, INC. ("Aerotek") is a resident of Maryland and CARDINAL HEALTH ("Cardinal") is a resident of Ohio.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1) and (2) because the Defendants conduct business in Volusia County, Florida, and because a substantial part of the events or omissions giving rise to this action occurred within this judicial district.



www.saenzanderson.com

4. This is an action for wrongful, retaliatory discharge of an employee in violation of Section 440.205 of the Florida Statutes[1].

5. All conditions precedent to bringing this action have occurred, been performed or been excused.

6. The Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

## THE PARTIES

7. Cardinal is a distributor of pharmaceuticals and a global manufacturer and distributor of medical and laboratory products.

8. Aerotek is a staffing agent in the business of providing employees to companies such as Cardinal.

9. Plaintiff worked for Defendants as a healthcare tool provider. She was hired by Aerotek, paid by Aerotek and her daily work was controlled and supervised by Cardinal and Aerotek.

10. Defendants share common management, centralized control of labor relations, and interrelated operations. Defendants are an integrated enterprise under the law. Alternatively, each company is an agent of each other, and jointly liable to Plaintiff.

11. Defendants share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of both companies. Defendants are

---

[1] Plaintiff will move to amend this complaint as soon as she received a right to sue from the EEOC. She will also be claiming disability discrimination and retaliation.



2

www.saenzanderson.com

joint employers. Alternatively, each company is an agent of each other, and jointly liable to Plaintiff.

12. Each Defendant is sued individually, as a joint enterprise, as joint employers, and as agent of each other.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

13. On or about July 21, 2022, the Plaintiff suffered a work-related injury.

14. Specifically, while lifting a box with medical needles and syringes, Plaintiff felt a "pop" in her back and began feeling severe pain to her back and ankles.

15. The injury happened while Plaintiff was working for the Defendant.

16. The injury alleged above required medical treatment.

17. Immediately after the work-related accident occurred, Plaintiff reported her injuries to the Defendant and requested medical treatment. She was taken by ambulance to the nearest hospital.

18. In the coming days, Plaintiff had to be absent from work to treat her injuries and for follow up treatment. She notified Defendants about her need to attend to doctor's appointments while injured. Defendants reluctantly gave her time off and Plaintiff's supervisor, Sue (ULN) told Plaintiff "You are faking your injury."

19. On or about August 3, 2022, Cardinal terminated Plaintiff's employment and Aerotek ratified Plaintiff's termination.

20. Plaintiff's work prior to her discharge was satisfactory or more than satisfactory.

## COUNT I: DISCHARGE

21. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-20 above as if set out in full herein.

3



www.saenzanderson.com

22. Fla. Stat. § 440.205 states: "No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law".

23. Plaintiff's work prior to her discharge was satisfactory or more than satisfactory and the sole apparent reason for the termination of Plaintiff's employment was that Plaintiff sought or attempted to seek compensation under the Workers' Compensation Law, as Plaintiff was entitled to do.

24. A motivating factor which caused the Plaintiff's discharge as described above was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq. Alternatively, Plaintiff would not have been fired but for her claiming worker's compensation benefits as described above.

25. The Defendants' termination of the Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, the Plaintiff has been damaged.

26. By reason of Defendants' wrongful discharge of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages and emotional distress.

27. The Defendants' conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights and therefore Plaintiff is entitled to punitive damages.

**WHEREFORE**, the Plaintiff respectfully requests judgment against the Defendant for all back wages from the date of discharge to the present; front wages; compensatory mental damages; punitive damages; and for any and all other relief that this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

4



www.saenzanderson.com

Dated: October 7, 2022.

                Respectfully submitted,

                **By:   /s/Tanesha Blye**
                Tanesha Blye, Esquire
                Fla. Bar No.: 738158
                Email: tblye@saenzanderson.com
                Juliana Cortes, Esquire
                Fla. Bar No.: 123038
                Email: juliana@saenzanderson.com
                R. Martin Saenz, Esquire
                Fla. Bar No.: 0640166
                Email: msaenz@saenzanderson.com

                SAENZ & ANDERSON, PLLC
                20900 NE 30th Avenue, Ste. 800
                Aventura, Florida 33180
                Telephone: (305) 503-5131
                Facsimile: (888) 270-5549
                *Counsel for Plaintiff*



www.saenzanderson.com